**NOT FOR PUBLICATION**

# In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-14442
Non-Argument Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

JASPER JERMAINE STUCKETT,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:25-cr-00010-LAG-ALS-1
_____

Before WILLIAM PRYOR, Chief Judge, and JILL PRYOR and BRANCH,
Circuit Judges.

PER CURIAM:

Jasper Jermaine Stuckett appeals his conviction for possessing a machinegun. 18 U.S.C. § 922(o). He argues that section

922(o) violates the Second Amendment on its face. The government moves for summary affirmance. We grant the government's motion and affirm.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

The government is clearly right as a matter of law. *Id.* Stuckett did not challenge the constitutionality of section 922(o) in the district court, so we review his challenge for plain error. *United States v. Wright*, 607 F.3d 708, 715 (11th Cir. 2010). And our binding precedent forecloses Stuckett's argument that section 922(o) violates the Second Amendment. In *United States v. Alsenat*, we rejected the same argument and held that, under *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008), the Second Amendment does not protect the possession of machineguns, so section 922(o) is constitutional. ___ F.4th ___, No. 24-14058 (11th Cir. Apr. 21, 2026). Thus, we **GRANT** the government's motion for summary affirmance and **AFFIRM** Stuckett's conviction.